**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

TIFFANY KRILL, Individually )
as Administratrix of the Estate of )
JUSTIN S. WALLACE, )
 )                    2:26-cv-00129-PPS-APR
Plaintiff, )
 )
v. )
 )
WALGREENS CO., *et al.*, )
 )
Defendants. )

## OPINION AND ORDER

This case was filed in state court and then removed here by defendant Walgreens

Co. on the basis of diversity jurisdiction. Plaintiff Tiffany Krill seeks remand of the case,

arguing that the State of Indiana, the Indiana Department of Transportation, and Porter

County—all of whom are named as defendants—destroy diversity of citizenship.

Walgreens's rejoinder is that the citizenship of the Indiana Defendants should be

disregarded since they were fraudulently joined on account of Plaintiff's claims against

them being time-barred. I agree. For the reasons set forth below, this Court will retain

jurisdiction over the case, and the Indiana Defendants will be dismissed.[1]

**Background**

---

[1] The Indiana Defendants also moved to remand on April 8, 2026 claiming a suit against them in federal court is barred by the 11th Amendment. [DE 10.] Plaintiff separately moved to remand on April 10, 2026, asserting different grounds for remand than those raised by the Indiana Defendants. [DE 14.] Walgreens responded to Plaintiff's motion to remand on April 24, 2026 [DE 17] and received an extension until July 10, 2026 to respond to the Indiana Defendants' motion. [DE 19.] Because Plaintiff's motion to remand [DE 14] is ripe for ruling, I'll address it first.

This wrongful death action arises out of a fatal two-vehicle collision that occurred on February 12, 2024, on U.S. Highway 30 in Porter County, Indiana. Tiffany Krill filed a complaint in Porter County Superior Court on behalf of the estate of Justin Wallace, who was pronounced dead at the scene of the collision. [DE 4.] The original complaint was filed on January 13, 2026, solely against Walgreens. It alleges that Mr. Wallace was traveling eastbound when a commercial semi-truck exiting a Walgreens warehouse parking lot pulled into his lane and caused the fatal collision. [DE 4 at 2.] Wallace was an Indiana resident at the time. [DE 4 at 1.] Walgreens is a corporation with its principal place of business in Illinois. [DE 1 at 5.] Shortly after the complaint was filed and served, counsel for Walgreens contacted plaintiff's counsel seeking an agreement that the amount in controversy does not exceed $75,000 and indicating Walgreens' intention to remove the case to federal court. [DE 1-4.] There was no response from plaintiff's counsel.

Instead, a few weeks later, on February 2, 2026, Krill filed an amended complaint in state court adding the State of Indiana, the Indiana Department of Transportation, and Porter County, Indiana as defendants. [DE 6.] Everyone agrees that the statute of limitations for Plaintiff's claims expired on February 12, 2026. [DE 14 at 2; DE 17 at 8.] So seemingly, the amended complaint was timely-filed. But as with many things in the law, it's not as straight-forward as one might think. That's because Krill failed to provide a summons to the Porter County Clerk when the amended complaint was filed, and that was a crucial oversight, as we'll see in a moment.

2

On March 20, 2026, Defendant Walgreens filed a notice of removal on the basis of diversity jurisdiction, arguing that the Indiana Defendants were fraudulently joined because Plaintiff's claims against them are time-barred and therefore they cannot destroy complete diversity. Krill disagrees. She argues her claims against the Indiana Defendants are timely because they "relate back" to her timely original complaint. [DE 14 at 3.] In other words, the law treats the amended complaint as if it were filed at the time of the original. She argues her claims against the Indiana Defendants are therefore valid, and the newly added defendants destroy complete diversity.

## Discussion

Under 28 U.S.C. § 1441(a), a civil action filed in state court may be removed to federal court if the district court would have had original jurisdiction over it. Removal must be both timely and based on statutorily permissible grounds. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004); s*ee also* 28 U.S.C. § 1441; 28 U.S.C. § 1446. Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that the amount in controversy exceed $75,000 and that there be complete diversity—meaning no plaintiff can share citizenship with any defendant. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021).

Krill argues the Indiana defendants destroy complete diversity since they share citizenship with the decedent. But if the Indiana defendants were fraudulently joined then their citizenship can be disregarded. Fraudulent joinder is an exception to the requirement of complete diversity, and the removing defendant bears the burden of establishing it. *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). Fraudulent joinder is

3

established "when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Hoosier Energy Rural Elec. Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994). If fraudulent joinder is established, the district court can "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

Walgreens argues there is no possibility Krill can maintain a cause of action against the Indiana Defendants in state court because her claims are time-barred. I agree. As noted above, the statute of limitations ran on February 12, 2026. Under Indiana Supreme Court authority, commencing an action requires both filing the complaint *and* tendering summons with the clerk within the limitations period. *Ray-Hayes v. Heinamann*, 760 N.E.2d 172, 173 (Ind. 2002). Walgreens claims, and Krill concedes, that summons were never filed for the Indiana Defendants prior to the February 12, 2026 deadline. The docket for the underlying state case confirms that Krill filed summons for the Indiana Defendants on March 23, 2026—after the case was already removed and over a month late. *See Tiffany Krill v. Walgrens Co.*, No. 64D05-2601-CT-000423 (Porter Super. Ct. 5), CCS entries dated Mar. 23, 2026. Fraudulent joinder is well-established in circumstances like these, where the limitations period has expired as to the added defendant. *See Hill v. C.R. Bard, Inc.*, 582 F. Supp. 2d 1041, 1048-49 (C.D. Ill. 2008); *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 690-92 (7th

4

Cir. 1998).

Krill responds that Indiana Trial Rule 15(C)'s relation-back provision saves her inclusion of the Indiana Defendants. She says her amended complaint adding the Indiana Defendants relates back to the timely original complaint. Trial Rule 15(C) permits relation back when (1) the claim arose out of the same conduct, transaction, or occurrence set forth in the initial pleading, and (2) within 120 days of the commencement of the action, the new party (a) received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits, and (b) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against it. Ind. Tr. R. 15(C)

Krill points to the Notice of Tort Claim she served on the Indiana Defendants on July 19, 2024 to satisfy the notice requirement. But the timing doesn't work out. The tort claim notice was served roughly eighteen months before Krill filed her original complaint in January 2026.  The tort claim notice couldn't have provided notice of a lawsuit that didn't yet exist.  Even if Krill served the notice on Indiana Defendants after the original complaint, "a tort claim notice does not satisfy the Rule 15(C) notice requirement because it informs a municipality that an injury may have occurred, but it does not advise that a lawsuit has been filed against a particular party." *Lake Cnty. v. Klisurich*, 182 N.E.3d 877, 882 (Ind. Ct. App. 2022).

What's more, Krill also can't satisfy the "mistake" prong of Rule 15(C).  Of course Krill knew the identities of the Indiana Defendants at the time of the initial action. How could she have served them with the tort claim notice eighteen months prior if she

5

didn't?

Krill relies on *Porter Cnty. Sheriff Dep't v. Guzorek*, 857 N.E.2d 363 (Ind. 2006) to support her argument that relation back is appropriate.  In *Guzorek*, the Indiana Supreme Court held that relation back applied where the plaintiff added the Porter County Sheriff Department after the statute of limitations expired, having initially sued one of its officers. *Porter Cnty. Sheriff Dep't v. Guzorek*, 857 N.E.2d 363, 366 (Ind. 2006). The court found that shared counsel and the legal relationship between the parties were sufficient to impute notice to the department. *Id*. at 371. Specifically, the department had an obligation to indemnify the officer, and the department's counsel filed the initial response to the complaint against the officer. *Id*.  Krill fails to explain how *Guzorek* is even remotely on point here. The Indiana Defendants don't have shared counsel or a legal relationship with Walgreens. I can't find any other basis on which knowledge of this lawsuit could be imputed to the Indiana Defendants.

Walgreens has met its burden in establishing fraudulent joinder. Krill's claims against the Indiana Defendants are time barred. Therefore, there is "no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court." *Hoosier Energy Rural Elec. Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994). Accordingly, I can disregard their citizenship and dismiss them from the case. *See LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 692 (7th Cir. 1998); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

## Conclusion

For the reasons set forth above, Plaintiff's motion to remand [DE 14] is **DENIED**

and the Indiana Defendants (the State of Indiana, the Indiana Department of Transportation, and Porter County, Indiana) are **DISMISSED**. As a result, the Indiana Defendants' Motion to Remand [DE 10] and Motion to Dismiss [DE 20] are **DENIED AS MOOT**.

SO ORDERED.

ENTERED: June 3, 2026.

 /s/   Philip P. Simon       
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT